**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

WILLIAM SPILLMAN and
KATRINA GARCIA SPILLMAN,

    Plaintiffs,                                                      No.: 1:19-cv-660

vs.

METROPOLITAN LIFE INSURANCE
COMPANY and VERIZON WIRELESS,

    Defendants.

## NOTICE OF REMOVAL

Defendant Metropolitan Life Insurance Company ("MetLife") submits this Notice of Removal for the purpose of removing the above-entitled action from the Seventh Judicial District Court, Torrance County, New Mexico to the United States District Court for the District of New Mexico, and states as follows in support of this removal:

1.    Plaintiffs William Spillman ("Mr. Spillman") and Katrina Garcia Spillman (collectively "the Spillmans") are individuals and residents of Bernalillo County, New Mexico. *See* Complaint, p. 1 at ¶ 1, a copy of which MetLife has attached to this notice as Exhibit 1.

2.    Mr. Spillman was an employee of defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") during the time period relevant to this case and a participant in Verizon Wireless Short Term Disability Plan ("Plan"). Exhibit 1, p. 2 at ¶¶ 1-5 (5th through 9th paragraphs of the complaint).

3.    MetLife is the claim administrator responsible for the determination of claims for short term disability ("STD") benefits under the Plan. Exhibit 1, p. 4 at ¶¶ 14 and 17 (18th and

25th paragraphs of the complaint); *see also* the copy of the Summary Plan Description ("SPD") of the Plan at pp. 3; 5; 8-9; 31-32; 37; 38 that the Spillmans attached as "Exhibit A" to the complaint, which is part of Exhibit 1 to this notice of removal.

4.      MetLife and Verizon Wireless are the defendants in a civil action that the Spillmans filed in the Seventh Judicial District, Torrance County, New Mexico, entitled *William Spillman, et al. v. Metropolitan Life Ins. Co., et al.*, No. D-722-CV-2019-00107.  Exhibit 1.

5.      MetLife was served with copies of the Summons and Complaint on June 25, 2019.  *See* notice of service and summons on MetLife, a copy of which MetLife has attached to this notice as Exhibit 2.

6.      Verizon Wireless was served with copies of the Summons and Complaint on June 18, 2019.  *See* notice of service and summons on Verizon Wireless, a copy of which MetLife has attached to this notice as Exhibit 3.

7.      The Spillmans allege that Mr. Spillman is entitled to STD benefits under the Plan, and that MetLife unreasonably denied Mr. Spillman's claim for STD benefits.  Exhibit 1, pp. 4-5 at ¶¶ 14-21 (18th through 21st paragraphs of the complaint).

8.      The Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.*, governs the Plan.  SPD, pp. 38-40; s*ee also* 29 U.S.C. § 1002(1)(A).

9.      The Spillmans seek a judgment awarding them, among other things, STD benefits allegedly due to Mr. Spillman under the Plan.  Exhibit 1, p. 5 at ¶¶ 20-21 (24th and 25th paragraphs of the complaint); p. 6 at ¶¶ 32-33 (36th and 37th paragraphs of the complaint); p. 9 at ¶ a.

10. The STD benefits at issue in this case arise under the Plan. Exhibit 1, p. 2 at ¶¶ 1-5 (5th through 9th paragraphs of the complaint); SPD, pp. 4; 8-17.

11. ERISA preempts the state law claims alleged in the complaint and provides the exclusive remedy for resolution of benefit claims by employee benefit plan participants and beneficiaries. 29 U.S.C. § 1144(a); 29 U.S.C. § 1132(a)(1)(B); *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987).

12. ERISA's broad preemptive nature allows a cause of action filed in state court that comes within the scope of ERISA to be removable to this Court under 28 U.S.C. §§ 1331 and 1441(b) as an action arising under federal law, even though the ERISA nature of the claim does not appear on the complaint's face. *Taylor*, 481 U.S. at 66.

13. Given that ERISA's preemption provisions are "deliberately expansive and designed to establish [employee benefit] plan regulation as exclusively a federal concern," the removal of this case from the state court to this Court is appropriate. *Pilot Life,* 481 U.S. at 46.

14. Although the Spillmans did not plead an express claim founded upon ERISA, the doctrine of "complete preemption" converts their state law claims to a claim arising under federal law because of ERISA governing the resolution of their claims relating to the Plan. 29 U.S.C. § 1144(a); 29 U.S.C. § 1132(a)(1)(B); *Taylor*, 481 U.S. at 66; *Pilot Life*, 481 U.S. at 46.

15. The doctrine of "conflict preemption" also preempts any state law that conflicts with ERISA. *See*, *e.g.*, *New York State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 658 (1995); *Pilot Life*, 481 U.S. at 54; *Kidneigh v. Unum Life Ins. Co. of Am.*, 345 F.3d 1182, 1185 (10th Cir. 2003), *cert. denied*, 540 U.S. 1184 (2004); *Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 466 (10th Cir. 1992).

16.     Federal question jurisdiction arises, because the claims of the Spillmans relate to an ERISA-governed employee welfare benefit plan, and, thus, ERISA preempts the state law claims of the Spillmans.  *Id.*

17.     This Court has original "federal question" jurisdiction over this action pursuant to 28 U.S.C. § 1331 (general federal question jurisdiction provision) and 29 U.S.C. §1132(e) (ERISA jurisdiction provision).

18.     As a civil action founded on a claim or right arising under the laws of the United States, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

19.     The state court in which this action was commenced is within this Court's district, and therefore, this action is properly removable to this Court under 28 U.S.C. §§ 1441 (a) and 1446.

20.     MetLife has conferred with Verizon Wireless about this removal, and Verizon Wireless consents to and joins in the removal of this case to the Court.  *See* declaration of Lorraine Poidevin Grande, Attorney Verizon Legal, which MetLife has submitted as Exhibit 4 to this notice of removal.

21.     MetLife will serve and certify service of copies of this Notice of Removal to the Spillmans as required by 28 U.S.C. § 1446(d).

22.     In compliance with D.N.M.LR-Civ. 81.1(a), MetLife will file with the Clerk legible copies of other records and proceedings from the state court action within 28 days after filing this notice of removal.

23. MetLife will file a copy of this notice of removal with the Clerk of the Seventh Judicial District Court, Torrance County, pursuant to 28 U.S.C. § 1446(d). *See* copy of state court notice of removal attached as Exhibit 5.

THEREFORE, defendant Metropolitan Life Insurance Company requests that the above-referenced action pending against Verizon Wireless and it in the Seventh Judicial District Court, Torrance County, New Mexico be removed to this Court, and requests that this Court enter such further orders as may be necessary and proper.

DATED this 18th day of July, 2019.

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ Little V. West*
Little V. West
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
Phone (505) 954-7293
Fax (505) 819-5588
*lvwest@hollandhart.com*

- and -

Jack M. Englert, Jr.
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
Phone (303) 290-1087
Fax (303) 290-1606
*jenglert@hollandhart.com*

**ATTORNEYS FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

  I hereby certify that on July 18, 2019 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, and served the following by U.S. Mail, postage prepaid and by electronic mail to the e-mail address listed below:

  Penelope Quintero, Esq.
  DAVIS MILES MCGUIRE GARDNER, PLLC
  320 Gold Avenue SW, Suite 1111
  Albuquerque, NM  87102
  pquintero@davismiles.com

            */s/ Little V. West*
            Little V. West

13197135_v1