IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM SPILLMAN and
KATRINA GARCIA SPILLMAN,

Plaintiffs,

v.

Case No. 1:19-cv-660-KK-LF

VERIZON WIRELESS SHORT TERM
DISABILITY PLAN, METROPOLITAN
LIFE INSURANCE COMPANY and
CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

Defendants.

**FIRST AMENDED COMPLAINT**

COMES NOW Plaintiffs, William Spillman and Katrina Garcia Spillman, by and through their attorney, Davis Miles McGuire Gardner, PLLC (Penelope Quintero), and for his cause of action state:

**JURISDICTION AND VENUE**

1. Plaintiffs, William Spillman and Katrina Garcia Spillman, are residents of Bernalillo County, New Mexico.

2. Defendant, Verizon Wireless Short Term Disability Plan is a welfare benefit plan providing self-funder short-term disability benefits in the state New Mexico.

3. Defendant, Metropolitan Life Insurance Company (hereinafter "MetLife") is a New York Corporation, doing business in Torrance County, New Mexico and is the plan administrator for the Verizon Wireless Short Term Disability Plan.

4. Defendant, Cellco Partnership D/B/A Verizon Wireless (hereinafter "Cellco") is a New Jersey Corporation, doing business in Torrance County, New Mexico.

5. The execution and delivery of the Short Term Disability Insurance Plan with Defendant, MetLife occurred in Torrance County, New Mexico, as a result of Plaintiffs' employment with Verizon Wireless, in Torrance County, New Mexico, and payment thereof, constitute a transaction of business in New Mexico subjecting Plaintiffs and Defendants to the jurisdiction of this Court as provided by the laws of the State of New Mexico.

6. This Court has original federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e).

**FACTS**

1. William Spillman ("Mr. Spillman"), as an employee of Verizon Wireless, holds a Short Term Disability (STD) insurance plan with Defendants.

2. Pursuant to the Verizon Wireless Managed Disability Summary Plan Description, an employee is eligible for the benefit from the employee's first day of work. Verizon Wireless pays the full cost of coverage including the premium and the administration costs of the Plan.

3. Upon information and belief Verizon Wireless, as Mr. Spillman's employer, has paid the premium on Plaintiff's behalf and continues to do so.

4. Upon information and belief, at all times since entering into the contract and up to and including the present, monthly premiums were paid pursuant to the contract.

5. Verizon Wireless provided employees with a Managed Disability Summary Plan Description. *See* Managed Disability Summary Plan Description from Verizon Wireless attached hereto as **Exhibit A**.

6. The Short Term Disability Policy (aka STD) as provided in the Verizon Wireless Managed Disability Summary Plan Description, states under the section titled "Total Disability – STD Benefits" on page nine (9):

> You are considered totally disabled under the Plan for purposes of STD benefits if, as a result of illness, injury or pregnancy, MetLife determines that you meet all of these conditions:
>
> - You are absent from work for at least 8 full consecutive calendar days beginning with and including your first day absent from work because you are unable to perform for any Employer the Essential Functions of Your Occupation for which you are qualified by training, education or experience; and
> - You have provided MetLife with objective medical evidence that sufficiently evidences, as determined by MetLife, that you cannot perform the Essential Functions of your occupation for which you are qualified by training, education or experience for any Employer. Your ability to get to and from the work place is not considered when determining whether you cannot perform the Essential Functions of Your Occupation if driving is not an Essential Function of Your Occupation. Also, if Your Occupation requires a license, the fact that you have lost your license for any reason will not be considered in determining whether you cannot perform the Functions of Your Occupation; and
> - You are receiving Appropriate Care and Treatment and complying with the requirements of such treatment; and
> - You are unable to earn more than 80% of your pre-disability earnings at Your Occupation; and
> - You are not engaged in any job/occupation, including self-employment, during the STD application process or while you are receiving STD benefits; and
> - All information or documents to be considered has been received during the Initial Administration Period of your STD claim; and
> - Your illness or injury was not caused or contributed by: (1) your participation in a crime, as defined by applicable state and federal law, or (2) your driving while intoxicated or under the influence of an illegal substance, as defined by applicable state and federal law.

7. The plan states in relation to Mental Health Condition Disabilities on page ten (10):

> *Mental Health Condition Disabilities*
> Benefits are payable under the STD plan if you are totally disabled due to a Mental Health Condition.

> For the first two weeks of disability under the STD plan due to a Mental Health Condition, you must provide objective medical evidence of the disability from a licensed clinical psychologist (Ph.D.) or social worker providing services under the Verizon Wireless EAP/healthcare programs.
>
> If your absence lasts between 15 and 30 days, you must be under the care of a licensed doctor of medicine (M.D.) or licensed doctor of osteopathy (D.O.) to qualify for benefits. If your absence from a mental health diagnosis lasts more than 30 calendar days, you must be under the immediate care of a psychiatrist with a valid medical license for further STD benefits to be considered.

8. On July 23, 2016 Mr. Spillman suffered from severe gastro-intestinal symptoms and went to the urgent care medical clinic. He was seen by a physician's assistant and was given a note excusing him from work on July 23, 2016 and stating that he could return to work on July 24 or July 25.

9. Mr. Spillman continued to suffer from the same symptoms and was not able to return to work on July 24, July 25, or July 26, 2016.

10. On July 27, 2016, Mr. Spillman returned to the urgent care clinic to address these symptoms and saw the same physician's assistant he saw on July 23, 2016. Tests were ordered and the physician's assistant gave Mr. Spillman an excusal note, excusing him from work on July 27, 2016. The note indicated that Mr. Spillman could return to work between July 29, 2016 and August 1, 2016.

11. Mr. Spillman's continued gastro-intestinal symptoms cause him to lose sleep, which in turn leads to severe migraine headaches.

12. Because of the severeness of Mr. Spillman's symptoms, he missed work on July 27, July 30, July 31, August 1, and August 2.

13. On July 29, 2016 Plaintiffs filed for Family Medical Leave under the Family Medical Leave Act because of Mr. Spillman's absence, and under the direction of his employer Verizon.

14. On August 1, 2016, Mr. Spillman filed a Short Term Disability Claim with Defendant, MetLife.

15. On August 6, 2016, Mr. Spillman called his Employer Verizon Wireless and spoke to a supervisor. The purpose of the call was to request a workplace arrangement due to his lack of sleep and migraine headaches, as well as being unable to eat a normal diet. He was informed by his employer, that he was already "coded out" for short-term disability and he would not be allowed to return to work.

16. On August 8, 2016, Mr. Spillman tried to report back to work, and again was told he was "coded" as short term disability and not allowed to return to work.

17. On August 19, 2016, Defendant MetLife denied the short term disability claim stating that there was not sufficient documentation to support impairment which would have precluded Plaintiff's ability to perform the essential functions of his job.

18. On August 26, 2016 Plaintiffs filed an appeal with Defendant, MetLife.

19. As of the date of filing Plaintiffs have filed two appeals with MetLife, and sent Defendant MetLife hundreds of pages of objective medical documentation from multiple health care providers all explaining Mr. Spillman's illness and disability as requested by MetLife.

20. Upon information and belief, MetLife never adequately evaluated Plaintiff's medical records and/or never reached out to Plaintiff's doctors before making a decision .

21. MetLife continues to deny the claim for Short Term Disability under the policy.

22. As a result of non-payment for time off, Plaintiff, Katrina Garcia Spillman, was forced to compensate for the loss of income by working three (3) jobs.

23. The Verizon Wireless Short Term Disability Plan is an employee welfare plan pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

24. The Plan administrator is designated as Verizon Wireless Plan Administrator.

25. Verizon Wireless has delegated to MetLife discretionary authority as to all aspects of claims administration.

26. Verizon Wireless has been designated sponsor of the plan and Cellco Partnership d/b/a Verizon Wireless a participating employer. Cellco Partnership is doing business as Verizon Wireless and is the proper party named whether referring Verizon Wireless or Cellco.

## I. DEFENDANT VERIZON WIRELESS HAS ENGAGED IN MISREPRENTATION

27. Verizon Wireless offered Mr. Spillman a short term disability plan to be effective upon Mr. Spillman's first day of employment.

28. Mr. Spillman accepted coverage of the Short Term Disability plan through his full time employment at Verizon Wireless having never denied it.

29. Defendant Verizon Wireless misrepresented and falsely advertised MetLife's coverage by repeatedly providing employers with a Managed Disability Summary Plan Description packet.

30. Defendant Verizon Wireless misrepresented and falsely advertised MetLife's coverage directly to its employers by creating coverage materials designated as Verizon Wireless materials. *See* Exhibit A.

31. Defendant Verizon Wireless misrepresented and falsely advertised MetLife's coverage directly to its employers by creating and disseminating information related to coverage through its VZ Time Off employee website. *See* website printouts from vztimeoff.com attached hereto as **Exhibit B**.

32. If the information contained in Defendant Verizon Wireless' materials were accurate and true, Plaintiffs' claim for short term disability should have been approved.

33. Plaintiffs detrimentally relied upon Defendant's misleading and false representations.

34. Plaintiffs are entitled to damages in the amount of three times the amount of the benefit that should have been paid on the policy, plus attorney's fees and costs.

## II. DEFENDANT METLIFE FAILED TO PROVIDE PLAN INFORMATION UPON PLAINTIFFS' REQUESTS

35. Paragraphs 1 through 31 are incorporated herein as if fully stated.

36. 29 U.S.C. § 1132(c) vests the Courts with discretion to hold a plan administrator personally liable for up to one-hundred dollars ($100) per day for failure to provide a participant or beneficiary with certain plan information upon request.

37. Plaintiffs, through counsel, made multiple demands to MetLife for a copy of the STD Policy.

38. Defendant MetLife failed to respond to these written requests.

## III. DEFENDANTS IMPROPERLY DENIED PLAINTIFFS' CLAIM FOR BENEFITS

35. Paragraphs 1 through 38 are incorporated herein as if fully stated.

36. The employee benefit plan itself, Verizon Wireless Short Term Disability Plan, is primarily liable for benefits payable under the terms of the plan. However, relief consists of an Order directing the plan administrator to pay benefits.

37. A plan sponsor may be deemed a "de facto administrator" even though another entity is actually designated the administrator under the plan and is a proper defendant if it controls or influences administration of the plan.

38. The Verizon Wireless Short Term Disability Plan is a self-insured plan sponsored by Verizon Wireless for its employees, and Verizon Wireless has delegated to MetLife discretionary authority as to all aspects of claims administration.

39. Verizon Wireless offered Mr. Spillman, through Verizon Wireless, a STD plan to be effective upon Plaintiff's first day of employment.

40. Mr. Spillman accepted coverage of the STD plan through his full time employment at Verizon Wireless having never rejected it.

41. Mr. Spillman properly made a claim for benefits and exhausted the plan's administrative appeals process.

42. Mr. Spillman was entitled to STD benefits under the plan's terms.

43. Defendants improperly denied Plaintiffs' claim for short term disability coverage when they refused to perform under the contract for coverage with Plaintiff.

44. Defendants represented its coverage repeatedly by including in the policy language that Short Term Disability was covered, then refusing to cover Short Term Disability under those same terms.

45. Defendants refused to provide Short Term Disability coverage under its policy, despite proper submission of documentation.

46. Defendants wrongfully and without adequate explanation denied Plaintiffs' appeal of denial of coverage.

47. Defendants will not deal in good faith to effectuate prompt, fair and equitable settlement of Plaintiffs' claims.

48. Defendants have failed to promptly provide Plaintiffs with a reasonable explanation of the basis relied on in the policy in relation to the facts or applicable law for denial of Plaintiffs' claim.

49. Defendant MetLife abused its discretion and or made an arbitrary and capricious decision when it denied benefits to Plaintiffs.

50. Defendant MetLife was paid a monthly premium, since August 2008 through the present day, for Short Term Disability.

51. As of filing of this matter, Defendant has not paid the benefit nor approved the claim for Plaintiff's current Short Term Disability, for which Mr. Spillman qualifies under the policy provisions for Short Term Disability.

52. There exists a gross disparity between the money the Defendant has been paid for the contracted coverage and the amount of $0.00 Defendant has so far paid for Mr. Spillman's Short Term Disability claim.

53. On August 6, 2016, when Mr. Spillman called his Employer Verizon Wireless and was told he was already "coded out" for short-term disability and he would not be allowed to

return to work, Mr. Spillman relied on this representation in believing he was now being covered under the STD plan.

54. Defendants are estopped in favor of participants and beneficiaries to enforce benefit promises.

37. Plaintiffs are further entitled to remedies under 29 USC § 1132(a)(1)(B) and § 1132(a)(3).

25. Plaintiffs are entitled to damages in the amount of three times the amount of the benefit that should have been paid on the policy, plus attorney's fees and costs.

WHEREFORE, the Plaintiffs pray judgment as follows:

a. Immediate payment of Plaintiff William Spillman's Short Term Disability Claim under the Policy;

b. Damages in the amount of three times the benefit that should have been paid to date of judgment for Defendant's violation of the Uniform Fair Trade Practice Act;

c. Damages in the amount of three times the three times the benefit that should have been paid to date of judgment for Defendant's Misrepresentation and False Advertising of its policy;

d. Award of all attorney's fees and costs incurred in this matter from the date of Plaintiffs' filing the claim under the policy through the date of judgment; and

e. For such other and further relief as to this Court sees fit.

DAVIS MILES MCGUIRE GARDNER, PLLC

*/s/ Penelope Quintero*
PENELOPE QUINTERO
Attorney for Plaintiffs
320 Gold Ave. SW Ste. 1111
Albuquerque, NM 87102
Telephone: 505.948.5050
Email: pquintero@davismiles.com