## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM SPILLMAN and
KATRINA GARCIA SPILLMAN,

      Plaintiffs,                                 No.: 1:19-cv-00660-RB-LF

vs.

METROPOLITAN LIFE INSURANCE
COMPANY and VERIZON WIRELESS,

      Defendants.

## <u>METLIFE'S ANSWER TO THE AMENDED COMPLAINT</u>

Defendant Metropolitan Life Insurance Company ("MetLife") responds to the amended complaint of plaintiffs William Spillman ("Mr. Spillman") and Katrina Garcia Spillman ("Mrs. Spillman") (collectively "the Spillmans").

1.      MetLife admits the allegations of paragraph 1 of the amended complaint.

2.      MetLife admits the allegations of paragraph 2 of the amended complaint.

3.      In response to paragraph 3 of the amended complaint, MetLife admits that it is a New York corporation, admits that it does business in New Mexico, denies that it is the Plan Administrator the Verizon Wireless Short Term Disability Plan ("Plan"), and admits that it is the claim administrator responsible for the determination of claims for short term disability ("STD") benefits under the Plan.

4.      MetLife lacks sufficient information to admit or to deny the allegations of paragraph 4 of the amended complaint.

5.      In response to paragraph 5 of the amended complaint, MetLife admits that venue is proper before the Court, denies that state law determines venue before this Court, denies that the Plan was delivered to plaintiff Mr. Spillman, denies that Mrs. Spillman is a participant in the Plan, admits that Mr. Spillman is an employee of defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), lacks sufficient information to admit or to deny the allegations about the place of Mr. Spillman's employment,, and denies the other allegations of this paragraph of the amended complaint.

6.      In response to the second paragraph of the amended complaint labeled as paragraph "1" of the amended complaint, MetLife admits that Mr. Spillman was an employee of Verizon Wireless during the relevant time period, admits that Mr. Spillman was a participant in the Plan during the relevant time period, and denies the other allegations of this paragraph of the amended complaint.

7.      In response to the second paragraph of the amended complaint labeled as paragraph "2" of the amended complaint, MetLife admits that the Plan provides short term disability ("STD") benefits to eligible participants who have satisfied the Plan's terms and conditions, admits that Verizon Wireless self-funds the STD benefits, denies the allegations of this paragraph to the extent that the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

8.      In response to the second paragraph of the amended complaint labeled as paragraph "3" of the amended complaint, MetLife admits that Verizon Wireless was Mr. Spillman's employer during the relevant time period, admits that Verizon Wireless self-funds the

-2-

STD benefits, denies that Verizon Wireless pays a premium for the STD benefits, denies the allegations of this paragraph to the extent that the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

9.     In response to the second paragraph of the amended complaint labeled as paragraph "4" of the amended complaint, MetLife admits that Verizon Wireless was Mr. Spillman's employer during the relevant time period, admits that Verizon Wireless self-funds the STD benefits, denies that Verizon Wireless pays a premium for the STD benefits, denies the allegations of this paragraph to the extent that the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

10.     MetLife, on information and belief, admits the allegations of the second paragraph of the amended complaint labeled as paragraph "5" of the amended complaint.

11.     In response to the second paragraph of the amended complaint labeled as paragraph "6" of the amended complaint, MetLife admits that the Spillmans have quoted a provision of the Plan's Summary Plan Description regarding STD benefits, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

12.     In response to paragraph 7 of the amended complaint, MetLife admits that the Spillmans have quoted a provision of the Plan's Summary Plan Description regarding STD benefits, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was

entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

13.     In response to paragraph 8 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized information in the ERISA administrative record, denies that the information in the ERISA administrative record supported the approval of Mr. Spillman's STD claim, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

14.     In response to paragraph 9 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized information in the ERISA administrative record, denies that the information in the ERISA administrative record supported the approval of Mr. Spillman's STD claim, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

15.     In response to paragraph 10 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized information in the ERISA administrative record, denies that the information in the ERISA administrative record supported the approval of Mr. Spillman's STD claim, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

16.     In response to paragraph 11 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized information in the

ERISA administrative record, denies that the information in the ERISA administrative record supported the approval of Mr. Spillman's STD claim, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

17.     In response to paragraph 12 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized information in the ERISA administrative record, denies that the clinical information in the ERISA administrative record supported the approval of Mr. Spillman's STD claim, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

18.     In response to paragraph 13 of the amended complaint, MetLife admits that Mr. Spillman submitted a claim under the Family Medical Leave Act ("FMLA"), lacks sufficient information to admit or to deny the allegations about Mr. Spillman submitting the FMLA claim "under the direction" of Verizon Wireless, denies the allegations to the extent the Spillmans seek to argue that the FMLA claim is relevant to or determinative of Mr. Spillman's claim for STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

19.     In response to paragraph 14 of the amended complaint, MetLife admits that Mr. Spillman submitted a claim to it for STD benefits under the Plan, denies that the date of the claim was August 1, 2016, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

20.     MetLife lacks sufficient information to admit or to deny the allegations of paragraph 15 of the amended complaint.

21.     MetLife lacks sufficient information to admit or to deny the allegations of paragraph 16 of the amended complaint.

22.     In response to paragraph 17 of the amended complaint, MetLife admits that it issued a claim determination letter on August 19, 2016 denying Mr. Spillman's STD claim, admits the allegations to the extent that the Spillmans have accurately summarized information in MetLife's claim determination letter, denies that the Spillmans have summarized all of the relevant information in MetLife's claim determination letter, and denies the other allegations in this paragraph of the amended complaint.

23.     MetLife admits the allegations of paragraph 18 of the amended complaint.

24.     In response to paragraph 19 of the amended complaint, MetLife denies that the Spillmans filed "two appeals," admits that MetLife informed the Spillmans of its need for clinical evidence, admits that the Spillmans submitted copies of records of Mr. Spillman's health care providers in support of the single appeal, denies that the clinical records supported a finding that Mr. Spillman was entitled to receive STD benefits under the Plan, and denies the other allegations of this paragraph of the amended complaint.

25.     MetLife denies the allegations of paragraph 20 of the amended complaint.

26.     MetLife admits the allegations of paragraph 21 of the amended complaint.

27.     In response to paragraph 22 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Mrs. Spillman's work, denies the allegations to the extent the Spillmans seek to argue that Mr. Spillman was entitled to receive

-6-

STD benefits under the Plan, denies that Mrs. Spillman is entitled to receive any relief under the Employee Retirement Income Security Act ("ERISA") for her alleged damages, and denies the other allegations of this paragraph of the amended complaint.

28.     MetLife admits the allegations of paragraph 23 of the amended complaint.

29.     MetLife admits the allegations of paragraph 24 of the amended complaint.

30.     MetLife admits the allegations of paragraph 25 of the amended complaint.

31.     MetLife admits the allegations of paragraph 26 of the amended complaint.

32.     In response to paragraph 27 of the amended complaint, MetLife admits that Mr. Spillman is a participant in the Plan, admits that Mr. Spillman's coverage under the Plan began on his first day of employment, lacks sufficient information to admit or to deny the allegations about communications between Verizon Wireless and Mr. Spillman, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

33.     In response to paragraph 28 of the amended complaint, MetLife admits that Mr. Spillman is a participant in the Plan, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

34.     In response to paragraph 29 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Verizon Wireless, denies the allegations to the extent that the Spillmans intend them to relate to MetLife in any way, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

35.     In response to paragraph 30 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Verizon Wireless, denies the allegations to the extent that the Spillmans intend them to relate to MetLife in any way, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

36.     In response to paragraph 31 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Verizon Wireless, denies the allegations to the extent that the Spillmans intend them to relate to MetLife in any way, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

37.     In response to paragraph 32 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Verizon Wireless, denies the allegations to the extent that the Spillmans intend them to relate to MetLife in any way, denies that Mr. Spillman was eligible to receive STD benefits based on the terms of the Plan and the evidence in the ERISA administrative record, and denies the other allegations of this paragraph of the amended complaint.

38.     In response to paragraph 33 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Verizon Wireless, denies the allegations to the extent that the Spillmans intend them to relate to MetLife in any way, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, denies that Mrs. Spillman has standing to assert a claim under ERISA, denies that Mrs.

Spillman is entitled to any relief under ERISA, and denies the other allegations of this paragraph of the amended complaint.

39.     In response to paragraph 34 of the amended complaint, MetLife denies that the Spillmans "are entitled to damages in the amount of three times the amount of the benefit" at issue due to ERISA preempting the state law on which the Spillmans have based this claim, denies that Mr. Spillman is entitled to any relief under ERISA, denies that Mrs. Spillman has standing to assert a claim under ERISA, denies that Mrs. Spillman is entitled to any relief under ERISA, and denies the other allegations of this paragraph of the amended complaint.

40.     MetLife incorporates its preceding responses to the allegations in the amended complaint in response to paragraph 35 of the amended complaint.

41.     In response to paragraph 36 of the amended complaint, MetLife admits the allegations to the extent that the Spillmans have accurately summarized 29 U.S.C. § 1132(c), denies that Mr. Spillman may assert a claim against MetLife under 29 U.S.C. § 1132(c) due to MetLife not being the designated Plan Administrator of the Plan, denies that Mrs. Spillman has standing to assert a claim under ERISA, denies that Mrs. Spillman is entitled to any relief under ERISA, and denies the other allegations of this paragraph of the amended complaint.

42.     In response to paragraph 37 of the amended complaint, MetLife denies that it is responsible for providing Plan documents to Plan participants or their representatives, denies that Mr. Spillman may assert a claim against MetLife under 29 U.S.C. § 1132(c) due to MetLife not being the designated Plan Administrator of the Plan, denies that Mrs. Spillman has standing to assert a claim under ERISA, denies that Mrs. Spillman is entitled to any relief under ERISA, and denies the other allegations of this paragraph of the amended complaint.

43.     In response to paragraph 38 of the amended complaint, MetLife denies that it is responsible for providing Plan documents to Plan participants or their representatives, denies that Mr. Spillman may assert a claim against MetLife under 29 U.S.C. § 1132(c) due to MetLife not being the designated Plan Administrator of the Plan, denies that Mrs. Spillman has standing to assert a claim under ERISA, denies that Mrs. Spillman is entitled to any relief under ERISA, and denies the other allegations of this paragraph of the amended complaint.

44.     MetLife incorporates its preceding responses to the allegations in the amended complaint in response to the second paragraph of the amended complaint labeled as paragraph "35" of the amended complaint.

45.     In response to the second paragraph of the amended complaint labeled as paragraph "36" of the amended complaint, MetLife admits that Verizon Wireless self-funds the STD benefits of the Plan, denies the allegations to the extent Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

46.     MetLife denies the allegations in the second paragraph of the amended complaint labeled as paragraph "37" of the amended complaint.

47.     MetLife admits the allegations in the second paragraph of the amended complaint labeled as paragraph "38" of the amended complaint

48.     In response to paragraph 39 of the amended complaint, MetLife admits that Verizon Wireless is the Sponsor of the Plan, admits that Mr. Spillman is a participant in the Plan, admits that Mr. Spillman's coverage under the Plan began with his employment, denies the

-10-

allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD

benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

49.     In response to paragraph 40 of the amended complaint, MetLife admits that Mr.

Spillman is a participant in the Plan, admits that Mr. Spillman's coverage under the Plan began

with his employment, denies the allegations to the extent that Mr. Spillman seeks to argue for an

entitlement to receive the STD benefits in dispute, and denies the other allegations of this

paragraph of the amended complaint.

50.     In response to paragraph 41 of the amended complaint, MetLife admits that Mr.

Spillman submitted a claim for STD benefits under the Plan, denies that Mr. Spillman was

entitled to receive STD benefits based on the terms of the Plan and the evidence in the ERISA

administrative record, admits that Mr. Spillman exhausted his administrative remedies relating to

the STD benefits in dispute, and denies the other allegations of this paragraph of the amended

complaint.

51.     MetLife denies the allegations of paragraph 42 of the amended complaint.

52.     MetLife denies the allegations of paragraph 43 of the amended complaint.

53.     In response to the paragraph 44 of the amended complaint, MetLife lacks

sufficient information to admit or to deny the allegations to the extent that they relate to Verizon

Wireless, denies the allegations to the extent that they relate to MetLife in any way, and denies

the other allegations of this paragraph of the amended complaint.

54.     In response to paragraph 45 of the amended complaint, MetLife admits that it

reasonably and correctly denied Mr. Spillman's claim for STD benefits under the Plan and denies

the other allegations of this paragraph of the amended complaint.

55.     MetLife denies the allegations of paragraph 46 of the amended complaint.

56.     MetLife denies the allegations of paragraph 47 of the amended complaint.

57.     MetLife denies the allegations of paragraph 48 of the amended complaint.

58.     MetLife denies the allegations of paragraph 49 of the amended complaint.

59.     MetLife denies the allegations of paragraph 50 of the amended complaint.

60.     In response to paragraph 51 of the amended complaint, MetLife admits that it reasonably and correctly denied Mr. Spillman's claim for STD benefits under the Plan and denies the other allegations of this paragraph of the amended complaint.

61.     MetLife denies the allegations of paragraph 52 of the amended complaint.

62.     In response to paragraph 53 of the amended complaint, MetLife lacks sufficient information to admit or to deny the allegations about Mr. Spillman's communication with Verizon Wireless, denies the allegations to the extent that Mr. Spillman seeks to argue for an entitlement to receive the STD benefits in dispute, and denies the other allegations of this paragraph of the amended complaint.

63.     MetLife denies the allegations of paragraph 54 of the amended complaint.

64.     MetLife denies the allegations of the second paragraph of the amended complaint labeled as paragraph "37" of the amended complaint.

65.     MetLife denies the allegations of the second paragraph of the amended complaint labeled as paragraph "25" of the amended complaint

66.     MetLife denies that the Spillmans are entitled to any of the relief listed in the Prayer for Relief paragraph of the amended complaint.

67.     MetLife denies any allegation of the amended complaint to which it has not already provided an admission, a denial, or a qualified response.

### FIRST AFFIRMATIVE DEFENSE

ERISA preempts the claims asserted in the amended complaint that the Spillmans have based on state law.

### SECOND AFFIRMATIVE DEFENSE

The claim under 29 U.S.C. § 1132(a)(3) is groundless as a matter of law, because Mr. Spillman's sole remedy arises under 29 U.S.C. § 1132(a)(1)(B).

### THIRD AFFIRMATIVE DEFENSE

The claim under 29 U.S.C. § 1132(c) is groundless as a matter of law, because MetLife is not the designated Plan Administrator of the Plan.

### FOURTH AFFIRMATIVE DEFENSE

The Spillmans' amended complaint fails to state a claim upon which relief can be granted based on ERISA, the administrative record, and the Plan.

### FIFTH AFFIRMATIVE DEFENSE

Substantial evidence supported MetLife's claim and appeal determinations concerning Mr. Spillman's claim for STD benefits under the Plan.

### SIXTH AFFIRMATIVE DEFENSE

MetLife properly exercised its discretion in considering Mr. Spillman's claim for STD benefits under the Plan.

### SEVENTH AFFIRMATIVE DEFENSE

The Court's review of Mr. Spillman's claim for STD benefits under the Plan should be limited to the evidence and the arguments presented to MetLife during the claim process.

### EIGHTH AFFIRMATIVE DEFENSE

MetLife discharged its duties with respect to the Plan in the interests of the participants in and the beneficiaries of the Plan, and, in doing so, MetLife acted in accordance with the documents and the instruments governing the Plan.

### NINTH AFFIRMATIVE DEFENSE

Mr. Spillman's claims against MetLife are barred by failure or failures of conditions precedent.

### TENTH AFFIRMATIVE DEFENSE

Mr. Spillman's claims against MetLife are barred, or their recovery, if any, on those claims, are reduced by the terms of the Plan.

### ELEVENTH AFFIRMATIVE DEFENSE

Although MetLife denies any liability, Mr. Spillman in the event of being awarded STD benefits is entitled only to the retroactive award of STD benefits.

### TWELFTH AFFIRMATIVE DEFENSE

Although MetLife denies any liability, there is no vesting of benefits under the Plan and any claim for STD benefits based on an alleged continuing disability must be supported by proof of such continuing disability.

### THIRTEENTH AFFIRMATIVE DEFENSE

Although MetLife denies any liability, the approval of any STD benefits under the Plan is subject to integration, offsets, and deductions as set forth under the terms the Plan.

### FOURTEENTH AFFIRMATIVE DEFENSE

Although MetLife denies any liability, ERISA provides only for an award of benefits due under an employee benefits plan and for no other type of damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

Mrs. Spillman does not have standing to assert a claim under ERISA relating to Mr. Spillman's claim for STD benefits under the Plan.

THEREFORE, defendant Metropolitan Life Insurance Company requests that the Court dismiss the amended complaint and enter an order awarding to it attorneys' fees pursuant to 29 U.S.C. § 1132(g), costs, and such other relief as the Court deems to be proper.

DATED this 15th day of October, 2019.

Respectfully submitted,

**HOLLAND & HART LLP**

*/s/ Jack M. Englert, Jr.*
Jack M. Englert, Jr.
6380 S. Fiddler's Green Circle, Suite 500
Greenwood Village, CO 80111
Phone (303) 290-1087
Fax (303) 290-1606
*jenglert@hollandhart.com*

-15-

~ and ~

Little V. West
Post Office Box 2208
Santa Fe, New Mexico  87504-2208
Phone (505) 954-7293
Fax (505) 819-5588
*lvwest@hollandhart.com*

**ATTORNEYS FOR DEFENDANT METROPOLITAN
LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2019 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Penelope Quintero, Esq.
DAVIS MILES MCGUIRE GARDNER, PLLC
320 Gold Avenue SW, Suite 1111
Albuquerque, NM  87102
pquintero@davismiles.com

D. Stuart Bartow, Esq.
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
DSBartow@duanemorris.com

James P. Hollihan, Esq.
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA  15238
JPHollihan@duanemorris.com

*/s/ Jack M. Englert, Jr.*
Jack M. Englert, Jr.

13626558_v1

-17-