IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| WILLIAM SPILLMAN and <br> KATRINA GARCIA SPILLMAN, <br><br> Plaintiffs, <br><br> v. <br><br> VERIZON WIRELESS SHORT TERM <br> DISABILITY PLAN, METROPOLITAN <br> LIFE INSURANCE COMPANY, and <br> CELLCO PARTNERSHIP D/B/A <br> VERIZON WIRELESS, <br><br> Defendants. | Case no. 1:19-CV-660-KK-LF |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS

Now come Defendants Verizon Wireless Short Term Disability Plan (the "Plan") and Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"), by and through their undersigned counsel, and file the following Answer and Affirmative Defenses to Plaintiff's Complaint:

### ANSWER

### Answer to Jurisdictional and Venue Allegations

1.      The allegations set forth in paragraph 1 of the First Amended Complaint are admitted, on information and belief.

2.      As answer to paragraph 2 of the Complaint, the Plan and Verizon Wireless (hereinafter the "Verizon Wireless Defendants") admit that the Plan is a welfare benefit plan which provides short term disability benefits to eligible employees who meet the Plan's terms and conditions, including persons who are employed by Verizon Wireless in New Mexico. The remaining allegations set forth in paragraph 2 of the First Amended Complaint are denied.

3. As answer to paragraph 3 of the First Amended Complaint, the Verizon Wireless Defendants state that after reasonable investigation they are without sufficient information to admit or deny the allegations in paragraph 3 of the First Amended Complaint.

4. The allegations set forth in paragraph 4 of the First Amended Complaint are admitted, except Cellco Partnership is a Delaware corporation, not a New Jersey corporation.

5. As answer to paragraph 5 of the First Amended Complaint, the Verizon Wireless Defendants admit that employees of Verizon Wireless who are covered by the Plan include persons employed in New Mexico. The remaining allegations set forth in paragraph 5 of the First Amended Complaint constitute conclusions of law to which no response is required.

6. The allegations set forth in paragraph 6 of the First Amended Complaint constitute conclusions of law to which no response is required. As further response, the Verizon Defendants admit that this Court has subject matter jurisdiction in this case.

## Answer to Substantive Allegations

1. As answer to paragraph 1 of the First Amended Complaint, the Verizon Wireless Defendants admit that by virtue of his employment by Verizon Wireless, William Spillman was covered by the Plan. The remaining allegations set forth in paragraph 1 of the First Amended Complaint are denied.

2. The allegations set forth in the first sentence of paragraph 2 of the First Amended Complaint purport to paraphrase or characterize the terms of a written document which speaks for itself. As answer to the second sentence of paragraph 2 of the First Amended Complaint, the Verizon Wireless Defendants admit that the Plan was in force in July, 2016; that William Spillman was covered by the Plan by virtue of his employment by Verizon Wireless;

and that benefits under the Plan are self-funded. The remaining allegations set forth in paragraph 2 of the First Amended Complaint are denied.

      3.      The allegations set forth in paragraph 3 of the First Amended Complaint are denied.

      4.      The allegations set forth in paragraph 4 of the First Amended Complaint are denied.

      5.      The allegations set forth in paragraph 5 of the First Amended Complaint are admitted.

      6.      The allegations set forth in paragraph 6 of the First Amended Complaint are denied, inasmuch as these allegations purport to characterize or partially quote the terms of a written document which speaks for itself.

      7.      The allegations set forth in paragraph 7 of the First Amended Complaint are denied, inasmuch as these allegations purport to characterize or partially quote the terms of a written document which speaks for itself.

      8.      As answer to paragraph 8 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman was absent from work on July 23, 2016. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 of the First Amended Complaint, and these allegations are therefore denied.

      9.      As answer to paragraph 9 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman was absent from work on July 24, 25 and 26, 2016. The Verizon Wireless Defendants are without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the First Amended Complaint, and these allegations are therefore denied.

10. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the First Amended Complaint, and these allegations are therefore denied.

11. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the First Amended Complaint, and these allegations are therefore denied.

12. As answer to paragraph 12 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman was absent from work on the dates listed in paragraph 12. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12 of the First Amended Complaint, and these allegations are therefore denied.

13. As answer to paragraph 13 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman applied for a family medical leave. The remaining allegations set forth in paragraph 13 of the First Amended Complaint are denied.

14. The allegations set forth in paragraph 14 of the First Amended Complaint are admitted, on information and belief.

15. The allegations set forth in paragraph 15 of the First Amended Complaint are denied.

16. The allegations set forth in paragraph 16 of the First Amended Complaint are denied.

17. As answer to paragraph 17 of the First Amended Complaint, the Verizon Defendants admit that William Spillman's claim for short term disability benefits was denied by Metropolitan Life Insurance Company ("MetLife"). The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the First Amended Complaint, and these allegations are therefore denied.

18. As answer to paragraph 18 of the First Amended Complaint the Verizon Defendants admit, on information and belief, that an appeal was submitted on Mr. Spillman's behalf from MetLife's initial determination denying his claim for benefits under the Plan. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 18 of the First Amended Complaint, and these allegations are therefore denied.

19. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the First Amended Complaint, and these allegations are therefore denied. As further answer, the Verizon Wireless Defendants admit that Mr. Spillman has exhausted his appeal rights relating to MetLife's determinations denying his claim for benefits under the Plan.

20. The allegations set forth in paragraph 20 of the First Amended Complaint are denied.

21. As answer to paragraph 21 of the First Amended Complaint the Verizon Defendants admit MetLife has continued to deny Mr. Spillman's claim for benefits under the Plan.

22. The Verizon Wireless Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the First Amended Complaint, and these allegations are therefore denied.

23. The allegations set forth in paragraph 23 of the First Amended Complaint are admitted.

24. The allegations set forth in paragraph 24 of the First Amended Complaint are admitted.

25. As answer to paragraph 25 of the First Amended Complaint, the Verizon Wireless Defendants admit that Verizon Wireless has delegated to MetLife the discretionary authority to process claims for benefits under the Plan; to investigate and determine eligibility for benefits under the Plan; to decide whether a claimant is disabled according to the terms of the Plan; and to handle and decide any disability claim appeal requests. The remaining allegations set forth in paragraph 25 of the First Amended Complaint are denied.

26. As answer to paragraph 26 of the First Amended Complaint, the Verizon Wireless Defendants admit that Verizon Wireless is the sponsor of the Plan; that Cellco Partnership d/b/a Verizon Wireless is a participating employer under the Plan; and that Cellco Partnership does business as Verizon Wireless. The remaining allegations set forth in paragraph 26 of the First Amended Complaint constitute conclusions of law to which no response is required.

27. As answer to paragraph 27 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman was covered by the Plan by virtue of his employment by Verizon Wireless. The remaining allegations set forth in paragraph 27 of the

First Amended Complaint are denied, inasmuch as these allegations purport to characterize a written document which speaks for itself.

28. As answer to paragraph 28 of the First Amended Complaint, the Verizon Wireless Defendants admit that William Spillman was covered by the Plan by virtue of his employment by Verizon Wireless. The remaining allegations set forth in paragraph 28 of the First Amended Complaint are denied.

29. The allegations set forth in paragraph 29 of the First Amended Complaint are denied.

30. The allegations set forth in paragraph 30 of the First Amended Complaint are denied.

31. The allegations set forth in paragraph 31 of the First Amended Complaint are denied.

32. The allegations set forth in paragraph 32 of the First Amended Complaint are denied.

33. The allegations set forth in paragraph 33 of the First Amended Complaint are denied.

34. The allegations set forth in paragraph 34 of the First Amended Complaint are denied.

35. As answer to paragraph 35 of the First Amended Complaint, the Verizon Defendants incorporate by reference their answers to paragraphs 1-31 herein.

36. Paragraph 36 of the First Amended Complaint includes allegations which relate to claims asserted against defendants other than the Verizon Wireless Defendants. As

further response, the Verizon Defendants state that the allegations set forth in paragraph 36 of the First Amended Complaint constitute conclusions of law to which no response is required.

37. Paragraph 37 of the First Amended Complaint includes allegations which relate to claims asserted against defendants other than the Verizon Wireless Defendants. As further response, the Verizon Defendants state that they lack sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 37 of the First Amended Complaint.

38. Paragraph 38 of the First Amended Complaint includes allegations which relate to claims asserted against defendants other than the Verizon Wireless Defendants. As further response, the Verizon Defendants state that they lack sufficient knowledge to form a belief as to the truth of the allegations set forth in paragraph 38 of the First Amended Complaint.

39. As answer to paragraph 39 of the First Amended Complaint (which is erroneously numbered as the second paragraph 35), the Verizon Defendants incorporate by reference their answers to paragraphs 1-38 herein.

40. The allegations set forth in paragraph 40 of the First Amended Complaint (which is erroneously numbered as the second paragraph 36), constitute conclusions of law to which no response is required. To the extent paragraph 40 contains any factual allegations, those allegations are denied.

41. The allegations set forth in paragraph 41 of the First Amended Complaint (which is erroneously numbered as the second paragraph 37), constitute conclusions of law to which no response is required. To the extent paragraph 41 contains any factual allegations, those allegations are denied.

42. As answer to paragraph 42 of the First Amended Complaint (which is erroneously numbered as the second paragraph 38), the Verizon Wireless Defendants admit (a)

that the Plan is a self-funded plan sponsored by Verizon Wireless for its eligible employees; and (b) that Verizon Wireless has delegated to MetLife the discretionary authority to process claims for benefits under the Plan; to investigate and determine eligibility for benefits under the Plan; to decide whether a claimant is disabled according to the terms of the Plan; and to handle and decide any disability claim appeal requests.  The remaining allegations set forth in paragraph 42 of the First Amended Complaint are denied.

        43.     As answer to paragraph 43 of the First Amended Complaint (which is erroneously numbered as paragraph 39),  the Verizon Wireless Defendants admit that William Spillman was covered by the Plan by virtue of his employment by Verizon Wireless.  The remaining allegations set forth in paragraph 43 of the First Amended Complaint are denied, inasmuch as these allegations purport to characterize a written document which speaks for itself.

        44.     As answer to paragraph 44 of the First Amended Complaint (which is erroneously numbered as paragraph 40), the Verizon Wireless Defendants admit that William Spillman was covered by the Plan by virtue of his employment by Verizon Wireless.  The remaining allegations set forth in paragraph 44 of the First Amended Complaint are denied.

        45.     As answer to paragraph 45 of the First Amended Complaint (which is erroneously numbered as paragraph 41), the Verizon Wireless Defendants admit that William Spillman made a claim for benefits under the Plan which was denied by MetLife, and that he has exhausted the Plan's appeal procedures.  The remaining allegations set forth in paragraph 45 of the First Amended Complaint are denied.

        46.     The allegations set forth in paragraph 46 of the First Amended Complaint (which is erroneously numbered as paragraph 42) are denied.

47. The allegations set forth in paragraph 47 of the First Amended Complaint (which is erroneously numbered as paragraph 43) are denied.

48. The allegations set forth in paragraph 48 of the First Amended Complaint (which is erroneously numbered as paragraph 44) are denied.

49. The allegations set forth in paragraph 49 of the First Amended Complaint (which is erroneously numbered as paragraph 45) are denied.

50. The allegations set forth in paragraph 50 of the First Amended Complaint (which is erroneously numbered as paragraph 46) are denied.

51. The allegations set forth in paragraph 51 of the First Amended Complaint (which is erroneously numbered as paragraph 47) are denied.

52. The allegations set forth in paragraph 52 of the First Amended Complaint (which is erroneously numbered as paragraph 48) are denied.

53. The allegations set forth in paragraph 53 of the First Amended Complaint (which is erroneously numbered as paragraph 49) are denied.

54. The allegations set forth in paragraph 54 of the First Amended Complaint (which is erroneously numbered as paragraph 50) are denied.

55. As answer to paragraph 55 of the First Amended Complaint (which is erroneously numbered as paragraph 51), the Verizon Wireless Defendants admit that MetLife denied Mr. Spillman's claim for benefits under the Plan, and has not paid such benefits to Mr. Spillman. The remaining allegations set forth in paragraph 55 of the First Amended Complaint are denied.

56. The allegations set forth in paragraph 56 of the First Amended Complaint (which is erroneously numbered as paragraph 52) are denied.

57. The allegations set forth in paragraph 57 of the First Amended Complaint (which is erroneously numbered as paragraph 53) are denied.

58. The allegations set forth in paragraph 58 of the First Amended Complaint (which is erroneously numbered as paragraph 54) are denied.

59. The allegations set forth in paragraph 59 of the First Amended Complaint (which is erroneously numbered as a third paragraph 37) are denied.

60. The allegations set forth in paragraph 60 of the First Amended Complaint (which is erroneously numbered as a second paragraph 25) are denied.

61. All allegations in the First Amended Complaint not specifically admitted herein are denied.

## FIRST AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in the First Amended Complaint fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in the First Amended Complaint are barred by virtue of the fact that under the Plan, Verizon Wireless has discretionary authority to determine benefit eligibility and to construe the terms of the Plan, and Verizon Wireless has delegated such discretionary authority to MetLife in accordance with the terms of the Plan.

## THIRD AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in the First Amended Complaint are barred by virtue of the fact that MetLife administered the Plan according to its terms.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted by Plaintiffs in the First Amended Complaint are barred by virtue of the fact that MetLife did not act arbitrarily or capriciously.

**FIFTH AFFIRMATIVE DEFENSE**

The claims asserted in Plaintiffs First Amended Complaint are barred in whole or in part by virtue of the fact that benefits under the Policy are subject to reduction and/or offset based on Plaintiff's actual or constructive receipt of other benefits or income from other sources, as defined in the Plan.

**SIXTH AFFIRMATIVE DEFENSE**

To the extent any state law claims are asserted in the First Amended Complaint, such claims are preempted by ERISA.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims asserted by Mrs. Spillman in this action are barred because Mrs. Spillman lacks standing to assert such claims.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims under Section 502(a)(3) of ERISA are barred because these claims are duplicative of Mr. Spillman's claim for benefits under Section 502(a)(1)(B) of ERISA.

**NINTH AFFIRMATIVE DEFENSE**

Any claims asserted by Mrs. Spillman in this action are barred because Mrs. Spillman lacks standing to assert such claims.

WHEREFORE, Defendants Cellco partnership d/b/a Verizon Wireless and the Verizon Wireless Short Term Disability Plan request that judgment be entered in their favor with respect to all claims asserted in Plaintiffs Complaint, and that they be awarded their costs and attorneys' fees in defending this action.

|  |  |
|---|---|
| Dated:  October 16, 2019 | Respectfully submitted, |
|  |   /s/  *D. Stuart Bartow* |
|  | D. Stuart Bartow |
|  | Duane Morris LLP |
|  | 2475 Hanover St. |
|  | Palo Alto, CA  94304-1194 |
|  | Phone:  (650) 847-4146 |
|  | Fax:  (650) 618-8505 |
|  | DSBartow@duanemorris.com |
|  |  |
|  | James P. Hollihan |
|  | Duane Morris LLP |
|  | 600 Grant St., Suite 5010 |
|  | Pittsburgh, PA  15219 |
|  | Phone:  (412) 497-1040 |
|  | Fax:  (412) 202-4508 |
|  | JPHollihan@duanemorris.com |
|  |  |
|  | Attorneys for Defendant, |
|  | Cellco Partnership d/b/a Verizon Wireless and the Verizon Wireless Short term Disability Plan |

## CERTIFICATE OF SERVICE

I hereby that on this 16th day of October, 2019 a true and correct copy of the foregoing Answer and Defenses was served by operation of the Court's electronic filing system upon the following counsel of record:

    Penelope Quintero, Esquire
    Davis Miles McGuire Gardner PLLC.
    300 Gold Ave. SW, Suite 1111
    P.O. Box 652
    Albuquerque, NM  87102
    pquintero@davismile.com

    Little V. West, Esquire
    Holland & Hart LLP
    P.O. Box 2208
    Santa Fe, NM 87504
    lwest@hollandhart.com

    Jack M. Englert, Jr. Esquire
    Holland & Hart LLP
    6380 S. Fiddler's Green Circle, Suite 500
    Greenwood Village, CO  80111
    jenglert@hollandhart.com

        /s/  D. Stuart Bartow