IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM SPILLMAN and
KATRINA GARCIA SPILLMAN,

    Plaintiffs,                                                   No.: 1:19-cv-00660-RB-LF

vs.

VERIZON WIRELESS SHORT TERM DISABILITY PLAN,
METROPOLITAN LIFE INSURANCE
COMPANY and CELLCO PARTNERSHIP D/B/A
VERIZON WIRELESS,

    Defendants.

## METLIFE'S OPPOSED MOTION TO EXCUSE ITS REPRESENTATIVE FROM PERSONAL APPEARANCE AT THE SETTLEMENT CONFERENCE

Pursuant to D.N.M.LR-CIV 16.2(d) and the Court's order [ECF No. 24], defendant Metropolitan Life Insurance Company ("MetLife") requests that the Court enter an order excusing its representative from attending in person the settlement conference on January 10, 2020 and allowing its representative to participate telephonically in the settlement conference. MetLife states as follows in support of this opposed motion.

    1.    The Court has set a settlement conference on January 10, 2020 at 9:00 a.m.  ECF No. 24.

    2.    This case arises out of the claim of plaintiff William Spillman for short term disability ("STD") benefits under the Verizon Wireless Short Term Disability Plan ("Plan").

    3.    The Employee Retirement Income Security Act ("ERISA") governs the Plan and the STD benefits at issue.

    4.    The total amount of the STD benefits at issue is $16,927.03.

5.	Defendant Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless") self-funds the STD benefits of the Plan.

6.	MetLife is not responsible for the payment of the STD at issue.

7.	In addition to the claim for the STD benefits under ERISA, plaintiffs William Spillman and Katrina Garcia Spillman (collectively "the Spillmans") have asserted claims for "misrepresentation" against Verizon Wireless and an ERISA statutory penalty against MetLife based on 29 U.S.C. § 1132(c)(1).

8.	The Spillmans have limited the "misrepresentation" claim to Verizon Wireless, and, therefore, MetLife will not play any role in settlement negotiations relating to that claim.

9.	MetLife is the third-party claim administrator responsible for the determination of claims for STD claims under the Plan, but MetLife is not the designated Plan Administrator of the Plan.

10.	29 U.S.C. § 1132(c) applies to an "administrator" of an ERISA plan, which ERISA defines as "the person specifically so designated by the terms of the instrument under which the plan is operated . . . ." 29 U.S.C. § 1002(16)(A)(i).

11.	The Tenth Circuit has held that "section 1002(16)(A) provides that if a plan specifically designates a plan administrator, then that individual or entity is *the* plan administrator for purposes of ERISA." *McKinsey v. Sentry Ins.,* 986 F.2d 401, 404 (10th Cir. 1993) (emphasis in original).

12.	The Tenth Circuit has unequivocally held that the "language of § 1132(c) and § 1002(16)(A)(i) is unambiguous and admits no other interpretation," and, therefore, only the entity "specifically designate[d]" as the Plan Administrator is liable for a claim under 29 U.S.C. § 1132(c). *Thorpe v. Retirement Plan of Pillsbury Co.*, 80 F.3d 439, 444 (10th Cir. 1996).

13.     Verizon Wireless is the designated Plan Administrator of the Plan, and, therefore, based on the well settled precedent of the Tenth Circuit, MetLife cannot be liable for a statutory penalty for alleged failure to provide documents under 29 U.S.C. § 1132(c) as a matter of law. *Moore v. Berg Enterprises, Inc*., 201 F.3d 448, 1999 WL 1063823 at *3 (10th Cir. 1999) (unpublished table decision) (only the entity "designated … as the Plan administrator" is "a proper party defendant on … section 1132(c)(1) claim"); *McKinsey*, 986 F.2d at 405 ("We therefore reject the expansive definition of plan 'administrator' advanced by the First Circuit and plaintiff here, and conclude that because Sentry was not designated by the SERP, plaintiff could not assert a § 1132(c) claim against Sentry."); *Swanson v. Aetna Life Ins. Co*., No. 15-cv-0785-WYD-CBS, 2016 WL 54118 at *4-5 (D. Colo. Jan. 5, 2016) (dismissing § 1132(c) claim against an ERISA claim administrator, because "Section 1132(c) cannot be enforced against any entity except the plan administrator").

14.     Based on the groundless nature of the Spillmans' ERISA statutory penalty claim, MetLife will not pay anything to settle that claim.

15.     MetLife's representative who would attend the settlement conference lives and works in Chicago.

16.     The cost in terms of time and expense associated with the travel of MetLife's representative from Chicago to Albuquerque for the settlement conference outweighs the very limited value in the personal appearance at the settlement conference based on (i) the relatively small amount of STD benefits at issue, (ii) MetLife's lack of responsibility for the payment of the STD benefits at issue, (iii) MetLife's lack of involvement in the "misrepresentation" claim asserted against Verizon Wireless, and (iv) MetLife's unwillingness to pay anything to settle the groundless ERISA statutory penalty claim asserted against it.

17. MetLife's representative would be available by telephone throughout the settlement conference.

18. MetLife's undersigned counsel has participated in other settlement conferences before this Court and other courts in which MetLife's representative has participated telephonically.

19. The telephonic participation of MetLife's representative in those settlement conferences did not adversely impact the settlement conferences.

20. MetLife's counsel will attend the settlement conference in person.

21. Considerations of economy and practicality support the granting of this motion.

22. Good cause supports this motion.

23. Pursuant to D.N.M.LR-CIV 7.1(a), MetLife's counsel conferred with the other parties' counsel about this motion. The Spillmans' counsel opposes this motion. Counsel for Verizon Wireless and the Plan does not oppose the motion.

THEREFORE, defendant Metropolitan Life Insurance Company requests that the Court enter an order excusing its representative from attending in person the settlement conference on January 10, 2020 and allowing its representative to participate telephonically in the settlement conference.

DATED this 31st day of December, 2019.

    Respectfully submitted,

    **HOLLAND & HART LLP**

    */s/ Jack M. Englert, Jr.*

>Jack M. Englert, Jr.
>6380 S. Fiddler's Green Circle, Suite 500
>Greenwood Village, CO 80111
>Phone (303) 290-1087
>Fax (303) 290-1606
>*jenglert@hollandhart.com*
>
>~ and ~
>
>Little V. West
>Post Office Box 2208
>Santa Fe, NM  87504-2208
>Phone (505) 954-7293
>Fax (505) 819-5588
>*lvwest@hollandhart.com*
>
>**ATTORNEYS FOR DEFENDANT METROPOLITAN LIFE INSURANCE COMPANY**

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 31, 2019 I electronically filed the foregoing with the Clerk of the Court using CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Penelope Quintero, Esq.
DAVIS MILES MCGUIRE GARDNER, PLLC
320 Gold Avenue SW, Suite 1111
Albuquerque, NM  87102
pquintero@davismiles.com

D. Stuart Bartow, Esq.
DUANE MORRIS LLP
2475 Hanover Street
Palo Alto, CA  94304-1194
DSBartow@duanemorris.com

James P. Hollihan, Esq.
DUANE MORRIS LLP
600 Grant Street, Suite 5010
Pittsburgh, PA  15238
JPHollihan@duanemorris.com

                                              */s/ Jack M. Englert, Jr.*
                                              Jack M. Englert, Jr.

14006792_v1